UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

HUGUES-DENVER AKASSY,

       Plaintiff,

  -v-                                                                           No.  14CV1725-LTS-JCF

THE NEW YORK DAILY NEWS and
SHAYNA JACOBS,

       Defendants.[1]

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Plaintiff Hugues-Denver Akassy ("Plaintiff"), proceeding pro se, asserts a defamation claim against The New York Daily News ("Daily News") and Shayna Jacobs (collectively, "Defendants"). The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332.

Plaintiff alleges that the Daily News and several of its employees published articles containing false and defamatory content regarding Plaintiff. He seeks damages for "negligence and intentional distortion." ("Compl.," Docket Entry No. 1.) On July 31, 2015, after having given Plaintiff notice and an opportunity to be heard, the Court dismissed Plaintiff's claims, other than those relating to an August 27, 2013, article, titled "Wacko rapist: I'm the victim," (hereinafter the "2013 Article"), as untimely. (Docket Entry No. 20.)

Defendants moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the remainder of Plaintiff's claims. Because Defendants' motion was

---

[1]     The Clerk of Court is directed to correct the caption of the case so that Plaintiff's name is spelled as set forth above.

supported by a declaration and various court filings and other documents relating to Plaintiff's criminal charges and conviction, the Court directed Defendants to send Plaintiff a notice pursuant to S.D.N.Y. Local Civil Rule 12.1, instructing him regarding the provisions of Federal Rule of Civil Procedure 56.1 and the risks attendant to failure to tender evidence in opposition to Defendants' motion.  Plaintiff's opposition papers include a lengthy affirmation and exhibits in addition to argumentative material.  The Court has considered the supplemental materials proffered by the parties, treating the motion as one for summary judgment.  For the following reasons, the motion is granted in its entirety.  This Memorandum Opinion and Order also addresses Plaintiff's Omnibus Motion for reconsideration of this Court's April 25, 2016, order and for other relief.

BACKGROUND

The following material facts are undisputed.  On November 7, 2011, Plaintiff, who alleges that he is a well-reputed French journalist, was convicted in New York state court of rape in the first degree, three counts of aggravated harassment in the second degree, and two counts of stalking in the third degree.  (Matthew Leish Dec. Supp. Df. Mot. Dismiss ("Leish Dec."), Ex. B (People v. Akassy, 45 Misc.3d 1211(A) (Sup. Ct. N.Y. Co. Oct. 3, 2014)), Ex. F (District Attorney Press Release), April 26, 2016, Docket Entry No. 47.)  Plaintiff filed a 212-page motion to vacate his rape, aggravated harassment, and stalking convictions on July 29, 2013, in the Supreme Court of New York, New York County (Shayna Jacobs Aff. Supp. Df. Mot. Dismiss ("Jacobs Aff."), Ex. B, Docket Entry No. 46).

Defendant Daily News published the 2013 Article, which was written by Defendant Jacobs, on August 27, 2013, following Plaintiff's filing of his motion to vacate his convictions.  In his motion Plaintiff contended, among other things, that his prosecution and

2

convictions were the product of conspiratorial activity among the police, prosecutors, alleged victims and the courts, stemming from personal jealousy, xenophobia and racism.  Plaintiff alleges that the following phrases regarding Plaintiff in the 2013 Article were false and defamatory:

- "Wacko rapist: I'm the victim;"
- "A homeless, ascot-wearing sex fiend who claimed to be a French TV reporter to pick up women is blaming everyone but himself;"
- "He reportedly lured women with his pleasant face, strong French accent, talk of wine and cheese picnics and overt come-ons;" and
- "with creepy, obsessive campaigns – pursuits that began with smooth-talking and charm but ended with scary and persistent communication."

(Compl. ¶¶ 35-38.)

In her affidavit in support of Defendants' motion, Jacobs proffers that the article was prepared based on Plaintiff's own motion papers, court documents relating to the charges, statements by prosecutors that she personally heard in court during the course of the investigation, prosecution, trial and sentencing, and a press release issued by the District Attorney's office following Plaintiff's conviction.  (Jacobs Aff.)  Jacobs proffers, and Plaintiff does not deny, that prosecutors asserted in open court that Plaintiff was homeless and that he falsely claimed to be a French television journalist and had plagiarized articles he claimed to have written.  (Id. ¶ 5-6.)  Copies of Plaintiff's affidavit in support of his motion to vacate, the 2014 state trial court decision denying the motion to vacate, a 2015 state appellate court decision affirming Plaintiff's convictions, sentence and the denial of the motion to vacate, the grand jury indictment charging Plaintiff with the relevant crimes, a pre-trial prosecution court filing seeking

3

permission to inquire about certain prior bad acts, the November 7, 2011, press release by the Manhattan District Attorney's Office concerning Plaintiff's convictions, and a portion of the trial transcript of the prosecution's opening statement at Plaintiff's criminal trial are among the documents proffered by Defendants in support of their motion.  (See Notice of Motion (Docket Entry No. 44), and affidavits and exhibits thereto.)

In his affirmation in opposition to the motion, Plaintiff asserts, inter alia, that he is a legitimate journalist, that the investigation and prosecution of the charges against him were the products of improper and illegal conspiratorial activity, that the accusations underlying his conviction are false and that the indictment upon which he was convicted was itself a forgery, and that the trial judge perjured herself in the decision denying his motion to vacate the conviction.  (See Akassy Aff. In Opp., Docket Entry No. 58.)  In both the Complaint and his Affirmation in Opposition to the Defendants' Motion to Dismiss (Aff. Opp. Df. Mot. Dismiss ("Plaintiff's Opp."), Docket Entry No. 58), Plaintiff further alleges that the statements in the 2013 Article are false and defamatory, in part because Defendants were involved in a conspiracy which lead to Plaintiff's allegedly false convictions during his 2011 trial described above.  (Compl. ¶ 5, Plaintiff's Opp. ¶¶ 4-10.)  As a result, Plaintiff claims, statements regarding his rape, harassment, and stalking convictions are false and defamatory.  (Id.)  The 2013 Article reported in part on prosecutors' statements made at Plaintiff's trial regarding his homelessness and a district attorney's press release describing Plaintiff's stalking conviction.  (Jacobs Aff. ¶ 5, Leish Dec., Ex. F.)  Based on these contentions, Plaintiff asserts that the cited elements of the 2013 Article are false and defamatory.

4

DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (internal quotation marks omitted)). In evaluating a motion for summary judgment, the Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010). If the moving party demonstrates a basis for summary judgment, the non-moving party must then set forth "specific facts showing that there is a genuine issue for trial" to defeat the motion. Anderson, 477 U.S. at 249 (internal quotation marks and citation omitted). If the evidence presented by the non-moving party "is merely colorable, or is not significantly probable," summary judgment may be granted. Id. at 250-51 (citations omitted). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . [M]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks and citation omitted).

A plaintiff must plead four elements to state a claim of defamation: (1) a false and defamatory statement concerning the plaintiff; (2) publication by the defendant of such a statement to a third party; (3) fault on the part of the defendant; and (4) injury to the plaintiff.

5

Campos v. Lemay, 2007 WL 1344344, at *4 (S.D.N.Y. May 7, 2007).  Statements of opinion are not defamatory; rather, they receive "absolute protection" under the New York State Constitution.  Egiazaryan v. Zalmayev, 880 F. Supp. 2d 494, 503 (S.D.N.Y. 2012) (quoting Celle v. Filipino Reporter Enterprises Inc., 209 F.3d 163, 178 (2d Cir. 2000)).  The record before the Court, even taking Plaintiff's factual allegations in the light most favorable to him and drawing all reasonable inferences in his favor, is insufficient to establish Plaintiff's defamation claim as to any of the elements of the 2013 Article.  Defendants are therefore entitled to judgment as a matter of law.

Defendants' reporting of the criminal judicial proceedings against Plaintiff is, first of all, privileged under section 74 of the New York state Civil Rights Law, which provides, in pertinent part, that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published."  N.Y. Civ. Rights Law § 74.  Courts have liberally interpreted the "fair and true report" standard "so as to provide broad protection to news accounts of judicial or other official proceedings."  Becher v. Troy Pub. Co., 183 A.D.2d 230, 233, 589 N.Y.S.2d 644, 646 (3d Dep't 1992).  "For a report to be characterized as 'fair and true' within the meaning of the statute, thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate[;] . . .'the exact words of every proceeding need not be given if the substance be substantially stated.'"  Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co., 49 N.Y.2d 63, 67, 399 N.E.2d 1185 (1979) (citations omitted).  The standard has routinely been applied to reports of judicial and criminal proceedings.  See e.g., Alf v. Buffalo News, Inc., 21 N.Y.3d 988, 972 N.Y.S.2d 206 (2013).  The

6

privilege has also been applied to reports based on information within press releases issued by law enforcement agencies.  See Rodriguez v. Daily News, L.P., 142 A.D.3d 1062, 1064, 37 N.Y.S.3d 613, 615 (2d Dep't 2016).  Jacobs' affidavit proffers, and Plaintiff does not dispute, that the 2013 Article constitutes reporting on his case, including the charges against him, statements and testimony at his trial, and Plaintiff's own statements in his motion to vacate his conviction.  The statements in the article are substantially consistent with Jacobs' affidavit and the court documents and district attorney's press release appended to Defendants' submissions.

Moreover, even absent the privilege, the record, viewed in the light most favorable to Plaintiff, establishes that he cannot prove the "false and defamatory statement" element of his cause of action.  Statements that are substantially true are not defamatory, because "'[w]hen the truth is so near to the facts as published that fine and shaded distinctions must be drawn and words pressed out of their ordinary usage to sustain a charge of libel, no legal harm has been done.'"  Fleckenstein v. Friedman, 266 N.Y. 19, 23, 193 N.E. 537 (1934) (quoting Cafferty v. S. Tier Pub. Co., 226 N.Y. 87, 93, 123 N.E. 76 (1919)).  Therefore, "[i]t is only necessary that the gist or substance of the challenged statements be true" to render them non-defamatory.  Printers II, Inc. v. Professionals Pub., Inc., 784 F.2d 141, 146 (2d Cir. 1986).

Furthermore, "freedom of expression upon public questions is secured by the First Amendment" to the Constitution of the United States.  New York Times Co. v. Sullivan, 376 U.S. 254, 269 (1964).  With regard to what constitutes a "public question," the Supreme Court has explained that "[t]he commission of [a] crime, prosecutions resulting from it, and judicial proceedings arising from the prosecutions . . . are without question events of legitimate concern to the public."  Cox Broad. Corp. v. Cohn, 420 U.S. 469, 492 (1975).  To succeed on a defamation claim where the offending statement involves a public question, the plaintiff must

7

prove the statement is false and that the defendant is at fault.  See Gertz v. Robert Welch, Inc., 418 US. 323 (1973) (holding, in the defamation context, that State law may impose liability only if the statement is false and there is some fault on the part of the defendant); see also Cox Broad. Corp., 420 U.S. at 490 (holding, in the privacy context, that a plaintiff "must prove knowing or reckless falsehood where the materials published, although assertedly private, are 'matters of public interest.'").

Even after accepting as true the non-conclusory factual allegations in the Complaint and drawing all inferences in Plaintiff's favor, Plaintiff's defamation claims fail because the record demonstrates that the challenged statements were substantially true or were expressions of opinion.  Plaintiff has not proffered facts sufficient to frame a genuine dispute of material fact as to whether the statements in the 2013 Article are false.  Nor has he proffered facts sufficient to raise a genuine dispute as to whether Defendants published the statements "negligently, recklessly or with knowing disregard of their falsehood."  See Evans v. The First 48, 2010 WL 4237232, at *3 (S.D.N.Y. Oct. 21, 2010).

The 2013 Article headline: "Wacko rapist: I'm the victim" is not defamatory because it does not conflict with the public record and is partially a statement of opinion.  See Egiazaryan, 880 F. Supp. 2d at 503; Fleckenstein, 266 N.Y. at 23, 193 N.E. 537.  Plaintiff was convicted of rape, aggravated harassment, and stalking prior to the publication of the article. (Leish Dec. Ex. B.)  The use of the colloquial term "wacko" is obviously a statement of opinion, and thus, not defamatory.  See, e.g., Lapine v. Seinfeld, 918 N.Y.S.2d 313, 327 (Sup. Ct. N.Y. Co. 2011) (description of plaintiff as "a wacko" is an expression of rhetorical hyperbole which negates the impression that the speaker is conveying facts).

The statement "a homeless, ascot-wearing sex fiend who claimed to be a French

8

TV reporter to pick up women is blaming everyone but himself" is also a "substantially true" statement that includes a fact-based characterization. See Fleckenstein, 266 N.Y. at 23, 193 N.E. 537. The 2013 Article reports accurately that Plaintiff claimed that he was a French TV reporter; it does not deny that Plaintiff was a reporter. Rather, it stated that Plaintiff "claimed to be a French TV reporter," an assertion Plaintiff continues to make in his motion papers. Defendants' statement in the 2013 Article that Plaintiff was "homeless" was an accurate report of prosecutors' statements made at Plaintiff's trial (Jacobs Aff. ¶ 5), coverage of which is constitutionally protected as a matter of public question. See Cox Broad. Corp., 420 U.S. at 492. Although Plaintiff continues to assert that the witnesses at his trial lied and that all of the trial participants were part of an illegal conspiracy against him, he has proffered no facts that would be sufficient to carry his burden of proving "knowing or reckless falsehood" on Defendants' part as to any of the statements in the 2013 Article. See Cox Broad. Corp., 420 U.S. at 490. Further, the use of the phrase "sex fiend," which Plaintiff also attacks as defamatory, is a nonactionable assertion of opinion due to its hyperbolic nature. See, e.g., Lapine, 918 N.Y.S.2d at 327.

The statements "he reportedly lured women with his pleasant face, strong French accent, talk of wine and cheese picnics and overt come-ons" and "with creepy, obsessive campaigns – pursuits that began with smooth-talking and charm but ended with scary and persistent communication" are also not defamatory. Defendants were reporting statements made on the public record, including a district attorney's press release, concerning the public question of the criminal accusations against Plaintiff. (Jacobs Aff.; Leish Dec., Ex. F.)

Defendants have demonstrated that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.

In his Omnibus Motion for reconsideration of this Court's April 25, 2016, order

9

and for other relief, Plaintiff again asserted his defamation claims, discussed above, against Defendants.  For the reasons set forth above, Defendants have demonstrated that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law as to the relief requested in the Plaintiff's Omnibus Motion.  All other issues raised in the Omnibus Motion are meritless or rendered moot by the grant of summary judgment in Defendants' favor.

## CONCLUSION

For the foregoing reasons, Defendants' motion is granted and all of Plaintiff's remaining claims are dismissed.  Plaintiff's Omnibus Motion for reconsideration of this Court's April 25, 2016, order and for other relief is denied in its entirety.  This Memorandum Opinion and Order resolves Docket Entry Nos. 44 and 53.

The Clerk of Court is respectfully requested to enter judgment dismissing the Complaint in its entirety and to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


Dated: New York, New York
      January 23, 2017

                                            /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           United States District Judge

Copy mailed to:
    Hugues-Denver Akassy
    DIN: 11A5580
    Clinton Correctional Facility
    P.O. Box 2001
    Dannemora, N.Y. 12929